NOT FOR PUBLICATION

FILED

AUG 11 2015



MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GHOOKAS DERMIKAELIAN,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 12-71361<br><br>Agency No. A095-600-345<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 7, 2015**
Pasadena, California

Before: SILVERMAN, SACK***, and WARDLAW, Circuit Judges.

Ghookas Dermikaelian petitions for review of the Board of Immigration

Appeals' dismissal of his appeal from the Immigration Judge's denial of his

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Robert D. Sack, Senior Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

applications for asylum, withholding of removal, and protection under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252(a)(1). We DENY the petition.

Substantial evidence supports the agency's adverse credibility finding and its denial of Dermikaelian's claims for relief in this pre-REAL ID Act case. Dermikaelian failed to credibly establish his identity, a key element of his asylum claim. *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). After the government's forensic document reviewer opined that the birth certificate Dermikaelian submitted in support of his application was fraudulent, Dermikaelian admitted the document was a fake and that he had hired individuals to prepare it. Dermikaelian's testimony about his identity was not corroborated by any other testimony or evidence, aside from the declarations of two individuals, both of whom had medical problems the day before his asylum hearing and failed to appear in court. Additional aspects of the record support the agency's adverse credibility finding: namely, inconsistencies between Dermikaelian's testimony and the birth certificate about how many children he had, and inconsistencies between Dermikaelian's testimony and other documents he submitted regarding the timing of the documents' issuance and receipt.

Dermikaelian claimed the contents of the birth certificate were true, even though the document itself was fake. However, the document stated that he had a third child, a son, born two months after his second child. Dermikaelian's explanation that the original document did not contain information about a third child is unsatisfactory since it does not explain why the translation includes not only the name of a third child but also a birth date and ID number for him.

Under these circumstances, Dermikaelian's submission of a false document to prove his identity and the discrepancy between that document and his testimony provides substantial evidence supporting the agency's adverse credibility finding. *Singh v. Holder*, 638 F.3d 1264, 1272 (9th Cir. 2011); *Yeimane-Berhe v. Ashcroft*, 393 F.3d 907, 911 (9th Cir. 2004); *Akinmade v. I.N.S.*, 196 F.3d 951, 955-56 (9th Cir. 1999). Because substantial evidence supports the denial of Dermikaelian's asylum claim, and because he relied on the same testimony and evidence to prove his withholding of removal and CAT claim, the agency's denial of those applications is also supported by substantial evidence. *Farah*, 348 F.3d at 1156-57.

**PETITION FOR REVIEW DENIED**.